# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

|  |  |  |
|---|---|---|
| K.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:24-cv-43-AGH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). For the reasons explained below, the Commissioner's decision is affirmed.

## LEGAL STANDARDS

### I.    Standard of Review

The Court's review of the Commissioner's decision is limited to a determination

of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal citation and quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

## II.    Plaintiff's Burden

The claimant bears the initial burden of proving she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). The claimant's

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

"burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

## III.    Disability Standard

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether

3

the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on December 14, 2020, alleging that she became disabled to work on July 30, 2018. Tr. 17.[3] Her claim was denied initially on March 25, 2022, and upon reconsideration on May 2, 2023. *Id.* She timely requested an evidentiary hearing before an ALJ on May 30, 2023, and one was held telephonically on October 18, 2023. *Id.* Plaintiff appeared with her attorney and testified, as did an impartial vocational expert ("VE"). Tr. 17, 33-66. On January 22, 2024, the ALJ issued an unfavorable decision denying her claim. Tr. 14-32. Plaintiff sought review by the Appeals Council but was denied on April 1, 2024. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision

---

[3] The Court cites to the record using the Commissioner's Bates-stamped page numbers at the bottom right of each page as opposed to the Court's CM/ECF number at the top right of the page.

denying her application.  Her case is ripe for review.  42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

On the alleged disability-onset date, Plaintiff was thirty-eight years old and defined as a younger individual under the Commissioner's regulations.  Finding 7, Tr. 25; 20 C.F.R. § 404.1563(c).  She has at least a high school education and past relevant work as an inventory clerk and stock supervisor.  Finding 6, Tr. 25; Finding 8, Tr. 25.  In conducting the five-step sequential analysis used by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of an enlarged thyroid, post-traumatic stress disorder ("PTSD"), and depression.  Finding 3, Tr. 19.  The ALJ next found, at step three, that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 20-21.  Between steps three and four, the ALJ determined that Plaintiff retains the RFC to perform light work with exertional, non-exertional, and environmental limitations, including only occasional contact with coworkers and supervisors, a low-stress setting, and only superficial contact with the public.  Finding 5, Tr. 21-25.  In his step-four analysis, the ALJ determined that this RFC renders Plaintiff unable to perform her past relevant work.  Finding 6, Tr. 25.  At step five, he elicited testimony from the VE that through the date last insured, there were jobs existing in significant numbers in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC, including garment sorter, folder, sub assembler for electrical parts, and labeler.  Finding 10,

Tr. 26, 58-59.  Therefore, the ALJ found Plaintiff to be not disabled to work.  Finding 11, Tr. 26.

## DISCUSSION

Plaintiff asserts a single enumeration of error, contending that "[t]he ALJ erred by discounting Plaintiff's testimony regarding Plaintiff's mental health symptoms based on a lack of objective evidence to support Plaintiff's subjective complaints in violation of SSR 16-3p."  Pl.'s Br. 9, ECF No. 12.  The Court disagrees and affirms the Commissioner's decision.

## I.    The Commissioner's Regulations and SSR 16-3p

Under 20 C.F.R. § 404.1529, a claimant's statements about her symptoms alone will not establish that she is disabled.  20 C.F.R. § 404.1529(a).  Instead,

> [t]here must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the . . . symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your . . . symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

*Id.*

The Commissioner issued Ruling SSR 16-3p to provide guidance to ALJs on how to evaluate a claimant's symptoms.  *See* SSR 16-3p, 82 Fed. Reg. 49462, 49463 (Oct. 25, 2017).  In step one, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms.  *Id.* at 49463-64.  At this first step, the ALJ does not consider whether the severity of the claimant's alleged symptoms is supported by the objective

medical evidence, but only whether the medical determinable impairment *could* produce the symptoms. *Id.* at 49464.

At step two, the ALJ evaluates the intensity and persistence of the claimant's symptoms and determines the extent to which they limit his or her ability to perform work-related activities. *Id.* In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ looks at various types of evidence in the claimant's record. First, the ALJ considers the objective medical evidence and looks at "whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record." *Id.* However, a claimant's statements about the intensity, persistence, and limiting effects of symptoms will not be disregarded "solely" because they are not substantiated by objective medical evidence. *Id.* at 49465. Instead, the lack of such substantiation is one of many factors that will be considered. SSR 16-3p, 82 Fed. Reg. at 49465.

Second, the ALJ considers other evidence, including a claimant's statements—whether made to medical sources, other sources, or directly to the Social Security Administration ("SSA")—about the intensity, persistence, and limiting effects of the claimant's symptoms. *Id.* The ALJ will evaluate whether the statements are consistent with objective medical and other evidence in the record. *Id.* Additionally, the ALJ will consider diagnoses, opinions, statements, and reports from medical sources "about [a claimant's] history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the

intensity, persistence, and limiting effects" of the claimant's symptoms. *Id.* These medical sources may include those who have not treated or examined the claimant, including state agency consultants and other program physicians and psychologists, who have "offer[ed] findings about the existence and severity" of a claimant's symptoms. *Id.* Finally, the ALJ may consider evidence from non-medical sources such as statements from family and friends. *Id.*

In addition to considering the above evidence, the ALJ will also consider the factors set forth in 20 C.F.R. § 404.1529(c)(3) to "evaluate the intensity, persistence, and limiting effects" of a claimant's symptoms. SSR 16-3p, 82 Fed. Reg. at 49465. These factors include the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; factors that precipitate and aggravate the symptoms; the "type, dosage, effectiveness, and side effects of medication" taken for the symptoms; treatment the claimant has received for the symptoms; other measures a claimant uses to relieve the symptoms; and any other factors concerning the claimant's limitations and restrictions due to the symptoms. *Id.* at 49465-66.

If the ALJ concludes a claimant's statements about the intensity, persistence and limiting effect of his or her symptoms are consistent with the objective medical evidence and other evidence in the record, the ALJ will determine the claimant's symptoms are more likely to reduce his or her capacities to perform work-related activities. *Id.* at 49466. If the ALJ concludes the statements are not consistent with the evidence, the ALJ will determine the claimant's symptoms are less likely to reduce his or her capacities to perform work-related activities. *Id.* An ALJ may or

may not decide a claimant's symptoms and related limitations are consistent with the record evidence, and will explain how the ALJ's evaluation of the claimant's symptoms led to his or her conclusion. *Id.* The ALJ will consider the claimant's symptoms when determining his or her RFC and the extent to which the symptoms are consistent with the evidence in the record. *Id.* at 49468; *see* 20 C.F.R. § 404.1545(a)(1) ("Your impairment(s), and any related symptoms . . . may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations.").

## II.    The ALJ Properly Evaluated Plaintiff's Symptoms

During the administrative hearing, Plaintiff testified about the limiting effects of her symptoms caused by depression and PTSD. She discussed difficulty getting out of bed when she wakes up. Tr. 44-45. She testified that she did not want to be around other people because she cannot fulfill their expectations. Tr. 46. She stated that an average day consisted of her staying in her room and that when she took her son to practice, she would stay in the car despite telling him that she would get out and watch him. *Id.* She described having no energy to engage in various activities and "want[ing] everything in [her] room to be everything that [she] need[ed], and that's it." Tr. 47. She also reported having panic attacks three to four times a month. Tr. 49. The ALJ's decision includes a summary of Plaintiff's hearing testimony. Tr. 22.

Plaintiff alleges that the ALJ violated SSR 16-3p by rejecting Plaintiff's statements about her symptoms based on a lack of objective evidence. Pl.'s Br. 1, 9.

Plaintiff relies on a single sentence in the ALJ's decision, wherein he states, "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the objective evidence of record fails to support the degree of limitation alleged." *Id.* at 12 (citing Tr. 22). Plaintiff's argument is flawed for a couple of reasons.

First, Plaintiff's suggestion that the ALJ is not permitted to rely on a lack of objective evidence to reject a claimant's statements about the limiting effects of her symptoms is inconsistent with the regulations and SSR 16-3p. Both specifically provide that objective medical evidence "is a useful indicator" in determining the intensity and persistence of symptoms and the degree to which they limit a claimant's ability to work. 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 82 Fed. Reg. at 49464. Both also state that an ALJ is required to consider the objective medical evidence in determining whether a claimant's symptoms limit her ability to work. *See* 20 C.F.R. § 404.1529(c)(2) ("We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled."); SSR 16-3p, 82 Fed. Reg. at 49464 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record.").

Second, Plaintiff's contention that the ALJ considered only the objective medical evidence in reaching his decision is contradicted by the record. It is important to note exactly what constitutes "objective medical evidence." Under the

regulations, objective medical evidence is defined as "signs, laboratory findings, or both." 20 C.F.R. § 404.1502(f). "Laboratory findings means one or more anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques." *Id.* § 404.1502(c). Relevant here, that includes "psychological tests." *Id.* Signs are defined as "one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from [a claimant's] statements (symptoms)," and "must be shown by medically acceptable clinical diagnostic techniques." *Id.* § 404.1502(g). "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described and evaluated." *Id.*

An ALJ cannot reject a claimant's statements "*solely*" because they are not supported by the objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 82 Fed. Reg. at 49465. But that is not what the ALJ here did. As required, he considered the objective evidence, citing records showing essentially normal mental status examinations. Tr. 22-23; *see* Tr. 449, 1347, 2594-95, 2804-05, 2928-29. However, the ALJ also cited other evidence. Significantly, these included opinions and diagnoses from medical sources, which are not "objective medical evidence" but "other evidence" under the regulations and SSR 16-3p. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 82 Fed. Reg. at 49465; *see Aujua L. v. Comm'r of Soc. Sec.*, No. 3:24-CV-466-MAB, 2025 WL 958316, at *10-12 (S.D. Ill. Mar. 31, 2025) (discussing the

distinction between "objective medical evidence" and "other evidence" that may be "medical in nature" and explaining that assessments of state agency medical and psychological consultants constituted other evidence); *Martinez v. Berryhill*, No. 18-165 MV/GJF, 2019 WL 1552979, at *12 (D.N.M. Apr. 10, 2019) (explaining that "objective medical evidence" "has a relatively narrow definition" but that "other evidence" "is defined rather broadly" and includes medical opinions), *recommendation adopted by* 2019 WL 1877180 (D.N.M. Apr. 26, 2019).

The ALJ discussed the medical source opinions in detail. First, he discussed the findings of Dr. Michael Rose, Ph.D., who conducted a consultative psychological evaluation of Plaintiff on August 20, 2019. Tr. 22, 24, 1345-48. Dr. Rose's evaluation included a Test of Memory Malingering ("TOMM"), which was graded as a "low performance." Tr. 1348. Dr. Rose stated that this "clearly indicat[ed] a moderate intentional bias, as [claimant] made an attempt to make any memory problems that she may have had, appear worse than they actually were." *Id.* Dr. Rose diagnosed claimant with malingering (during his assessment), PTSD, and major depressive disorder, chronic, moderate to severe. *Id.* Dr. Rose opined that Plaintiff "would have a mild to a moderate impairment for understanding and carrying out simple 1 or 2-step instructions"; she "would have a moderate impairment for maintaining an adequate focus and attention for an extended period of time"; she "would be capable of performing a repetitive unskilled job responsibility for a brief period of time"; "[h]er work production would be at the level of moderate impairment"; Plaintiff "would have a moderate to a marked level of impairment for tolerating normal, everyday, stress

levels, typically found in most work places"; she "would be at risk for suffering detrimental emotional distress and/or dysfunction in a stressful work environment"; and that "[t]here would be a moderate impairment for [claimant's] ability to interact and communicate effectively with coworkers, supervisors and the public." Tr. 1348. "However," Dr. Rose stated, "since there was clear evidence of malingering today, including exaggerations of impairment, [Disability Adjudication Services] would need to confirm the above stated levels of employment from other evidence." *Id.*

The ALJ also discussed the opinion of Dr. Ann Weitzman-Swain, Ph.D., who conducted a psychological evaluation of Plaintiff on February 28, 2022. Tr. 23-24, 2802-06. Dr. Weitzman-Swain noted that Plaintiff gave only three correct responses on the Rey 15-item Memorization Test, which "is typically indicative of symptom exaggeration and dishonest responding." Tr. 2805. As with Dr. Rose, she also diagnosed Plaintiff with malingering in addition to unspecified trauma and stressor-related disorder. *Id.* She concluded that "[o]verall[,] the prognosis for [claimant] to reassume a full time employment is considered mildly limited." Tr. 2806.

Next, the ALJ discussed the consultative psychological examination conducted by John F. Grace, Psy.D., on March 14, 2023. Tr. 23-25, 2928-33. Dr. Grace also administered the Rey 15-item Memorization Test, and Plaintiff recalled six of fifteen items, which—as Dr. Weitzman-Swain had similarly observed in her testing of Plaintiff—Dr. Grace noted "is typically indicative of symptom exaggeration and dishonest responding." Tr. 2932. He also diagnosed Plaintiff with malingering in addition to unspecified trauma and stressor-related disorder. *Id.* He believed that

Plaintiff's "prognosis" for "reassum[ing] a full-time employment is considered fair." *Id.* He also opined that Plaintiff is "not considered limited in her ability to understand, remember, and carry out simple and detailed instructions"; her "ability to sustain concentration, persistence and pace over the duration of a typical workday is considered fair"; her "ability to interact appropriately with co-workers, supervisors and the public is considered fair"; Plaintiff's "ability to make simple work related rational decisions that could affect her safety and the safety of others near is considered adequate"; her "ability to communicate in an understandable manner and to understand what is being said is considered adequate"; Plaintiff "is considered moderately limited in her ability to adhere to a typical work schedule given her disrupted sleep cycles and her vegetative symptoms"; and that Plaintiff's "ability to respond adaptively under stressful conditions is considered moderately impaired." Tr. 2932-33.

The ALJ deemed the opinions of each of these sources as moderately persuasive. Tr. 24-25. Therefore, contrary to Plaintiff's contention—and isolation of a single sentence of his decision out of context—the ALJ did not rely solely on a lack of objective medical evidence to reject Plaintiff's statements about the limiting effects of her symptoms. Instead, the ALJ considered—as SSR 16-3p explicitly requires him to do—the "diagnoses, prognoses, and opinions" of medical sources in his evaluation of "the intensity, persistence, and limiting effects of the [claimant's] symptoms." SSR 16-3p, 82 Fed. Reg. 49465. These medical sources deemed Plaintiff to have mild to moderate limitations in her ability to work, and the ALJ, despite expressing

skepticism as to the limiting effects of Plaintiff's symptoms, gave her "the benefit of the doubt" and included limitations in her RFC to account for her symptoms.  Tr. 25.

Plaintiff contends that depression is like fibromyalgia and often does not produce objective findings, and thus, an ALJ cannot rely on a lack of objective findings to discount a claimant's subjective complaints.  Pl.'s Br. 11-12.  She relies on the Fourth Circuit decision in *Shelley C. v. Commissioner of Social Security Administration*, 61 F.4th 341 (4th Cir. 2023).  *Id.*  However, even if the reasoning in this is case was binding—which it is not—it would not change the result.  In Eleventh Circuit cases dealing with fibromyalgia, an ALJ is not barred from considering a lack of objective medical evidence but only from rejecting a claimant's statements based on a "lack of objective evidence standing alone."  *Howard v. Comm'r of Soc. Sec. Admin.*, No. 23-13701, 2024 WL 4381008, at *4 (11th Cir. Oct. 3, 2024).  That is consistent with the regulations and SSR 16-3p, and as discussed above, the ALJ's decision was not based on a lack of objective medical evidence "standing alone."

Plaintiff cites various evidence in the record that she feels would have supported the ALJ finding that her symptoms were disabling, including her behavior and subjective complaints made during medical appointments.  Pl.'s Br. 14-15.  However, the issue is not whether there is evidence in the record that would have supported the ALJ finding greater limitations or even whether the preponderance of the evidence weighs in Plaintiff's favor.  The issue before the Court is whether the ALJ's findings are supported by substantial evidence, and for the reasons stated above, it concludes that they are.  *See J.M. o/b/o M.D.H. v. Comm'r of Soc. Sec.*,

No. 5:20-cv-329-TES-CHW, 2021 WL 8268060, at *1 (M.D. Ga. July 27, 2021) ("Substantial evidence is less than a preponderance and the Court will affirm an ALJ's decision even when a greater portion of the record seems to weigh against it.").

In summary, the ALJ properly evaluated Plaintiff's symptoms pursuant to the regulations and SSR 16-3p, and because his decision is supported by substantial evidence, the Court must affirm.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

**SO ORDERED**, this 11th day of September, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE